UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HENRY COX,

              Plaintiff,

        -against-

CONVERSE; NIKE INC.; PUMA; NB; UNDER
ARMOR; LAWYERS FOR ALL PARTIES;
OFF WHITE; LEVI, AMERICAN EAGLE,

              Defendants.

25-CV-10661 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who currently is incarcerated at Auburn Correctional Facility, brings this action *pro se*. Plaintiff alleges that Defendants stole his intellectual property ideas for clothing, shoes, undergarments, electronics gaming rights, television rights, a women's professional baseball league, a shipping app, a car service app, and a credit card app. He also asserts that he has been subjected to a decades-long campaign of surveillance and stalking by government actors. Plaintiff filed an "extension of complaint" (ECF 7), and the Court treats this supplemental complaint and the original complaint (ECF 1) together as the operative complaint.

By order dated January 28, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

### STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B); *see Abbas v. Dixon*, 480 F.3d 636,

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

The following facts are drawn from the complaint.[2] Plaintiff Henry Jamar Cox contends that companies, including Nike, Puma, FILA, New Balance, Under Armor, Converse, Levi, and Off-White, used his fashion, product, and intellectual property ideas without his permission. These ideas relate to clothing (jeans), shoes, undergarments, electronics gaming rights, and television rights. Defendants misappropriated Plaintiff's concepts for major sneaker lines and business applications, such as a "package app" (Black Box Shipping) with community drop-box zones, a car service app (Light Service) with bundled amenities, a "credit card app/system" and a women's professional baseball league. (ECF 1 at 7-9.) Defendants allegedly stole thumb drives with Plaintiff's fashion and modeling ideas, monitored him, and boasted in music lyrics about government protection while stealing his "ideas, person, music, wills, patents, property."[3] (*Id.* at 10.)

Plaintiff alleges that Defendants acted in concert with government-linked programs, called the "John Doe department" and the "U program," allegedly involving the Central Intelligence Agency ("CIA"), the Federal Bureau of Investigation ("FBI"), and informants, to

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[3] Plaintiff makes no specific allegation that he has registered any copyright or patent.

2

obtain his ideas and files and use them, despite knowing he did not consent. "[P]laintiff suffered greatly as the Above defendants ate from his Piles like they care none in the world." (*Id.* at 2.)

In addition, Plaintiff asserts a decades-long campaign of surveillance, stalking, and torture by government actors and informants with "ties to guantanamo bay and the navy, army, Air force, CIA, FBI Black pyramid, white pyramid 1 mason, John Doe department and informants." (*Id.* at 3) This included physical shocks and bodily harm, allegedly lasting 37 years for him and "60 plus years for [his] mother, [M]ichelle." (*Id.*) Defendants "hooked themselves up" to Plaintiff (*id.* at 6), hold wills in his name on government equipment, and directed judges and international courts to disregard the law. Plaintiff asks the court to review and "press" the matter. (*Id.*) Plaintiff has been incarcerated for 18 years, and he asserts that he is "not supposed to be here."[4] (*Id.*)

Plaintiff alleges an interactive computer programming system allowed handlers and informants to pass ideas without speech and to impersonate his "thinking," and he seeks return of his "thinking button." (*Id.* at 10.) He also seeks the return of return of all ideas, thought processes, patents, wills, person, and property, along with disclosure of defendants' financial records and ownership chains.

In the supplemental complaint (ECF 7), Plaintiff alleges that: (1) people are using government equipment to gain illegal access to his person and property (2) there has been theft

---

[4] Plaintiff is incarcerated as the result of a judgment entered against him on April 29, 2008, in New York State Supreme Court, Monroe County, following a jury verdict convicting him of two counts of robbery in the first degree (N.Y. Penal Law § 160.15(1), (2)). Cox's petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 challenging the conviction was denied. *See Cox v. Lee*, No. 6:11-CV-6525 (MAT), 2014 WL 6685521, at *4 (W.D.N.Y. Nov. 26, 2014) ("Petitioner's request for writ of *habeas corpus* is denied."). The complaint does not assert any grounds for relief from his conviction.

from the U.S. Treasury by people acting as "overseers" or creators of currency who use an "eye," which Plaintiff links to the symbol on the dollar bill; (3) the FBI, CIA, "John Dre/John Doe department," informants, and various groups (including masons, Knight Templars, Knight Temperances, FIST, and CLA) are involved in counterintelligence activities targeting Plaintiff; and (4) sophisticated interactive computer programming has been used to steal Plaintiff's identity and life story by inserting his "files" into children so that they mimic him. (ECF 7 at 1-4.)

## DISCUSSION

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact."). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff provides no factual basis for his assertions that he and his mother were the victims of a decades-long government conspiracy. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414, 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing basis for information and belief); *Johnson v. Univ. of Rochester Med. Ctr.*, 686 F. Supp. 2d 259, 266 (W.D.N.Y. 2010) (even where necessary evidence is in "exclusive control of the defendant, . . . plaintiff must still set forth the factual basis for that belief").

Plaintiff's allegations that Defendants have "hooked themselves up" to him and stolen his ideas are also not plausible and must be dismissed as frivolous. *See, e.g., Kraft v. City of New*

4

*York*, 823 F. App'x 62, 64 (2d Cir. 2020) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on allegations that he had "the New York State Intelligence Center . . . put a 'digital marker' on [plaintiff] in order to collect his personal data and harass him"); *Khalil v. United States*, No. 17-CV-2652, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint as "irrational and wholly incredible" where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors").

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). But a court has inherent power to dismiss without leave to amend or replead in "where … the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011). Because Plaintiff's claims are implausible, and the complaint gives no indication that a valid claim may be stated, the Court declines to grant leave to replead.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court directs the Clerk of Court to enter judgment. SO ORDERED.

Dated:    January 29, 2026
          New York, New York

_____
Louis L. Stanton
U.S.D.J.

5